IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 9520 HOMESTEAD LLC, | § | CIVIL ACTION NO. _____ |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Removed from the 269th Judicial District |
| | § | Court of Harris County, Texas |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S NOTICE OF REMOVAL

Westchester Surplus Lines Insurance Company, Defendant in the above-styled cause, files its Notice of Removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the 269th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and, in support thereof, states as follows:

1. On June 6, 2019, Plaintiff 9520 Homestead, LLC ("Plaintiff") filed its Original Petition (the "Petition") against Westchester Surplus Lines Insurance Company ("Westchester") in the 269th Judicial District Court of Harris County, Texas, Cause No. 2019-39232 (the "State Court Action"). A copy of the Petition is attached hereto as Exhibit C.

2. The State Court Action involves a first-party insurance coverage dispute in which Plaintiff asserts claims for property damage allegedly caused by and/or arising out of Hurricane Harvey in August 2017. Specifically, Plaintiff alleges various violations of Chapters 541 and 542 of the Texas Insurance Code and breach of contract arising out of a claim it presented to Westchester under the insurance policy Westchester issued to Plaintiff.

3. All of Plaintiff's causes of action arise under Texas law. *See* Exhibit C. By way of its suit, Plaintiff seeks to recover its actual damages, policy benefits, attorneys' fees, costs of court, statutory interest, pre-judgment interest, post judgment interest, exemplary damages, and treble damages. *Id*.

4. On June 27, 2019, Westchester first received notice of this lawsuit when the citation and a copy of the Petition were served on Westchester. A copy of the Officer's Return of Service is attached hereto Exhibit D.

5. Westchester timely files this Notice of Removal within the 30-day statutory time period for removal. 28 U.S.C. § 1446(b).

6. Westchester files this Notice of Removal pursuant to 28 U.S.C. § 1441(b), which permits removal based on diversity jurisdiction. 28 U.S.C. § 1332 sets forth the factual predicate justifying the exercise of diversity jurisdiction. Those requirements are (1) an amount in controversy exceeding $75,000, and (2) diversity of citizenship. 28 U.S.C. § 1332(a).

7. Removal based on diversity of citizenship may only be effectuated if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441.

8. Accordingly, contrary to Plaintiff's assertion in the Petition, the district courts of the United States have original jurisdiction over this action based on complete diversity between the parties, in that Westchester is now, and was at the time the action was commenced, diverse in citizenship from Plaintiff. Westchester is neither now nor at the time the suit was commenced, a citizen of the State of Texas.

9. According to the Petition, Plaintiff is a "Texas resident who resides in Harris County, Texas." *See* Exhibit C, p. 1. Per the Petition and upon information and belief, Plaintiff

is a Limited Liability Company organized under the laws of the State of Texas. Plaintiff was at the time this lawsuit was filed, and is now, a citizen of the State of Texas.

10. Westchester is a foreign citizen. Westchester is presently a corporation organized under Georgia law with its principal place of business in Pennsylvania and was a corporation organized under Georgia law with its principal place of business in Pennsylvania at the time this action was commenced. Westchester was at that time, and is now, a citizen of both the State of Georgia and the State of Pennsylvania. Westchester is the only defendant to the lawsuit.

11. Removal is proper because, under 28 U.S.C. § 1332, the parties properly joined and served are now, and were at the time the lawsuit was filed, completely diverse in citizenship. *See* 28 U.S.C. § 1441.

12. Per Plaintiff's Petition, the amount in controversy at the time of removal, exclusive of interest and costs, exceeds $75,000. Indeed, in its Petition, Plaintiff asserts claims against Westchester in excess of $75,000, exclusive of interests and costs. While Plaintiff has not alleged a specific amount of damages for which it seeks by way its suit, based on the allegations and claims made in the Petition, it is "facially apparent" from the nature of those allegations and claims that the amount in controversy likely exceeds the federal jurisdictional threshold. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 215 (E.D. Tex. 1996); *Carnahan v. S. Pac. R.R. Transp. Co.*, 914 F. Supp. 1430, 1431 (E.D. Tex. 1995) (if it is "facially apparent" from the state court petition that the amount in controversy is likely to exceed the jurisdictional minimum requirement, then the defendant need only point this out to successfully bear its burden).

13. In the Petition, Plaintiff claims damages based on Westchester's alleged actions or omissions in regard to a claim submitted by Plaintiff under its insurance policy. *See* Exhibit

C. Plaintiff asserts Hurricane Harvey damaged its property and contends that Westchester breached the terms of the contract (i.e., the subject insurance policy) by "wrongfully denying and/or underpaying the claim" on its insurance policy, which Westchester denies. *See* Exhibit C, p. 3. Plaintiff further contends that Westchester has violated Chapters 541 and 542 of the Texas Insurance Code, which Westchester also denies, and seeks the recovery of exemplary and/or treble damages under the Texas Insurance Code. *Id*. at pp. 3-4.

14.     Plaintiff's Petition plainly suggests an amount in controversy in excess of $75,000. Damages sought by Plaintiff include actual damages, policy benefits, attorneys' fees, costs of court, statutory interest, pre-judgment interest, post judgment interest, exemplary damages, and treble damages. Attorneys' fees and penalties are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000).

15.     Most importantly, Plaintiff alleges in the Petition that it "**currently seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees**." *See* Exhibit C, p. 2 (emphasis added). Thus, the amount in controversy, exclusive of interest and costs, is reasonably believed to be well in excess of $75,000.

16.     Since this action is wholly between citizens of different states, as described herein, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, the Court has subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332. As such, this removal action is proper.

17. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Southern District of Texas, Houston Division, as the district and division embracing the county in which the State Court Action is now pending.

18. Westchester, as the removing party, will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

19. Pursuant to 28 U.S.C. § 1446(d), Westchester will promptly file a copy of this Notice of Removal with the Clerk of the 269th Judicial District Court of Harris County, Texas, where the State Court Action is currently pending.

20. At the time of fling this Notice of Removal, upon information and belief, Plaintiff has paid the requisite jury fee in the State Court Action.

21. A true and correct copy of all process, pleadings, and the orders served upon Westchester in the State Court Action is being filed with this Notice of Removal as required by 28 U.S.C. § 1446(a).

22. Moreover, pursuant to Southern District of Texas Local Rule 81, true and correct copies of the following documents are being provided to the clerk for filing in connection with the Notice of Removal.

　　a. An index of matters being filed (Exhibit A);

　　b. The docket sheet in the State Court Action (Exhibit B);

　　c. Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Plaintiff's Original Petition filed in the State Court Action) (Exhibit C);

　　d. All executed process in the case (Officer's Return of Service to Westchester, in the State Court Action) (Exhibit D);

　　e. All orders signed by the state judge (None at this time); and

      f. A list of all counsel of record, including addresses, telephone numbers and parties represented (Exhibit E).

23. Westchester reserves the right to supplement and/or amend this Notice of Removal. Moreover, Westchester hereby reserves any and all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses.

**WHEREFORE,** Westchester prays that this action be removed from the 269th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, for further proceedings and disposition, and prays that no further proceedings be had in this action in the 269th Judicial District Court of Harris County, Texas.

Dated: July 23, 2019.

Respectfully submitted,

**WINSTEAD PC**

By: /s/ Brannon C. Dillard
    **Brannon C. Dillard**
    Texas Bar No. 24043634
    SDOT Bar No. 39105
    600 Travis Street, Suite 5200
    Houston, Texas 77002
    Telephone: (713) 650-8400
    Facsimile: (713) 650-2400
    E-Mail: bdillard@winstead.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY**

**OF COUNSEL:**
**Rusty D. Sewell**
Texas Bar No. 24073590
rsewell@winstead.com
WINSTEAD PC
24 Waterway Avenue, Suite 500
The Woodlands, Texas 77380
Telephone: (281) 681-5900
Facsimile: (281) 681-5901

## CERTIFICATE OF SERVICE

    I certify that I have caused to be delivered via the Court's electronic filing system, United States certified mail, return receipt requested, and/or e-mail a true and correct copy of the foregoing document to all counsel of record this 23rd day of July, 2019.

                              /s/ Brannon C. Dillard
                              **Brannon C. Dillard**