IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 9520 HOMESTEAD, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 4:19-CV-2713 |
| | § | |
| WESTCHESTER SURPLUS LINES | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Westchester Surplus Lines Insurance Company's Motion to Dismiss. **(Instrument No. 5)**.

### I.

This case arises from an insurance coverage dispute pertaining to Plaintiff's insurance claim policy with Defendant. (Instrument No. 1-3). In August of 2017, Hurricane Harvey damaged Plaintiff's house and other property. Id. at 3. Plaintiff, who had a contract of insurance with Defendant, filed a claim on its insurance policy for the property damage it sustained. *Id.* Plaintiff alleges that Defendant's adjuster conducted a substandard investigation and inspection of the property. *Id.* Based on the unreasonable investigation, Plaintiff contends Defendant's report failed to include and undervalued all of the damages that were observed during the inspection. *Id.* As such, Plaintiff has brought Texas Insurance Code violations and a breach of contract claim against Defendant. *Id.*

On June 6, 2019, Plaintiff filed its Original Petition against Defendant in state court. (Instrument No. 1-3). Defendant removed Plaintiff's claims to federal court on July 23, 2019. (Instrument No. 1). On July 30, 2019, Defendant filed its Motion to Dismiss. (Instrument No. 5).

Plaintiff filed its Response to Defendant's Motion to Dismiss on August 20, 2019. (Instrument No. 13). Defendant filed its Reply in Support of its Motion to Dismiss on August 26, 2019. (Instrument No. 14).

## II.

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not contain "detailed factual allegations," but it must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When a complaint does not meet the pleading requirements of Rule 8, Rule 12(b)(6) authorizes dismissal of a civil action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must articulate "the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Stated otherwise, in order to withstand a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).

When ruling on a 12(b)(6) motion, the Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a

court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal citations and quotations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court does not resolve any disputed fact issues. *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). Instead, the Court assumes all well-pleaded facts contained in the complaint are true. *Wolcott*, 635 F.3d at 763. The Court will not, however "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (internal quotation omitted). Similarly, legal conclusions masquerading as factual conclusions need not be treated as true. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); *see also Iqbal*, 556 U.S. at 678. Although all well-pleaded facts are viewed in the light most favorable to the plaintiff, *Turner*, 663 F.3d at 775; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), the Court "will not strain to find inferences favorable to the plaintiff." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (internal citations and quotations omitted). Therefore, to avoid a dismissal for failure to state a claim, a plaintiff must plead specific facts. *Dorsey*, 540 F.3d at 338.

### III.

Plaintiff asserts causes of action for bad faith in violation of Chapter 541 of the Texas Insurance Code, violations of Chapter 542 of the Texas Insurance Code, and breach of contract. (Instrument No. 1-3). Defendant contends Plaintiff fails to allege facts to support its causes of action. (Instrument No. 5).

### A.

Plaintiff alleges Defendant settled Plaintiff's property damage claim in bad faith by assigning an adjuster to Plaintiff's claims that conducted a substandard investigation, failed to

include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection. (Instrument No. 1-3 at 3). Plaintiff contends the biased investigation resulted in an inequitable evaluation of Plaintiff's losses on the property. *Id.* Defendant asserts Plaintiff's bare and conclusory assertions do not give rise to legal liability under Chapter 541 of the Texas Insurance Code.

To state a claim under Chapter 541, Plaintiff must show that (1) it is a "person" as defined by Section 541.002(2) of the Texas Insurance Code; (2) Defendant is a "person" as defined by Section 541.002(2) of the Texas Insurance Code; (3) Defendant engaged in an act or practice that violated (a) Chapter 541, subchapter B, of the Texas Insurance Code, (b) Section 17.46 of the Texas Business and Commerce Code and Plaintiff relied on the act or practice to its detriment, or (c) a tie-in provision of the Texas Insurance Code; and (4) Defendant's act or practice was a producing cause of Plaintiff's alleged actual damages. *See* TEX. INS. CODE §§ 541.002(2) & 541.151; *Crown Life Ins. Co. v. Casteel*, 22 S.W. 2d 378, 383 (Tex. 2000); *Allstate Ins. Co. v. Watson*, 876 S.W. 2d 145, 147 (Tex. 1994).

Further, courts consistently require Texas Insurance Code Claims predicated on misrepresentation to satisfy the heightened pleading standard set out in Rule 9(b) of the Federal Rules of Civil Procedure. *See SHS Inv. v. Nationwide Mut. Ins.* Co., 798 F.Supp.2d 811, 814 (S.D. Tex. 2011); *Partain v. Mid-Continent Specialty Ins. Servs., Inc.*, 838 F.Supp.2d 547, 557 (S.D. Tex. 2012). Pleading under Rule 9(b) requires allegations of "time, place, and contents of the [alleged] false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

4

Here, Plaintiff's Complaint recites eleven alleged violations of Chapter 541 Texas Insurance Code but does not contain any specific facts supporting these allegations. Plaintiff does not provide any facts describing the specific misrepresentation made by Defendant, when the misrepresentation was made, the specific policy provision or insurance claim item that was subject to the alleged misrepresentation, and that Defendant knew the alleged misrepresentation was false when made to Plaintiff. Thus, Plaintiff fails to identify the "who, what, when, and where" of the alleged bad faith as required by the heighted pleading standard of Rule 9(b). *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

Accordingly, Defendant's Motion to Dismiss Plaintiff's bad faith claims under the Texas Insurance Code is **GRANTED**.

**B.**

Plaintiff also asserts violations of Chapter 542 Texas Insurance Code. Plaintiff contends Defendant failed to pay for the its losses and did not follow the statutory time guidelines for accepting or denying coverage.

To prevail under the Prompt Payment Act, which is codified in Chapter 542 of the Texas Insurance Code, the insured must establish: "1) a claim was made under an insurance policy, (2) the insurer is liable for the claim, and (3) the insurer failed to follow one or more sections of the prompt-payment statute with respect to the claim." *Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 450 (5th Cir. 2018).

While Plaintiff's Complaint recites the elements of such cause of action, it lacks facts to support the Defendant's alleged statutory violations. Plaintiff fails to identify the information he provided Defendant, when he submitted the necessary information, the information Defendant failed to request, and the applicable time constraints. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

5

U.S. 662, 679 (2009). Thus, Plaintiff's Complaint fails to allege facts sufficient to establish the essential elements of a Chapter 542 claim.

Accordingly, Defendant's Motion to Dismiss Plaintiff's claim for relief under Texas Insurance Code Chapter 542 is **GRANTED**.

### C.

Lastly, Plaintiff brings a breach of contract claim against Defendant. Plaintiff contends Defendant breached the contract of insurance by wrongfully denying and underpaying his insurance clam. (Instrument No. 1-3 at 4).

Under Texas law, the elements of a breach of contract claim are: (1) existence of a valid contract; (2) Plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *See Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007); *Winchek v. Am. Express Travel Related Servs.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.)

Here, Plaintiff's Complaint only states that an insurance policy exists, and that Defendant breached the policy. Plaintiff fails to identify the specific provisions in the insurance policy that Defendant breached, and the alleged damages suffered. Plaintiff's allegations are conclusory and are not sufficient to support the elements of a breach of contract claim. *See Anderson v. J.P. Morgan Chase*, 2013 U.S. Dist. LEXIS 175093, at *11 (S.D. Tex. Dec. 11, 2013).

Accordingly, Defendant's Motion to Dismiss Plaintiff's breach of contract claim is **GRANTED.**

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED. (Instrument No. 5)**. Plaintiff is **GRANTED** leave to file an Amended Complaint within 10 days of the date of this Order.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 6th day of November, 2019.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**